Filed 5/13/14  P. v. Mendoza CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>STEPHANIE LEEANN MENDOZA,<br><br>     Defendant and Appellant. | B249258<br><br>(Los Angeles County<br>Super. Ct. No. MA058059) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charles A. Chung, Judge.  Affirmed with instructions, and remanded.

Paul R. Kraus, under appointment of the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Jessica C. Owen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Stephanie Leeann Mendoza appeals following her convictions for second degree commercial burglary and petty theft with prior convictions. Her sole contention is that the sentence for petty theft should have been imposed and stayed, pursuant to Penal Code section 654,[1] as the theft and the burglary were both part of an indivisible course of conduct with a single intent and objective. The People agree, as do we. Accordingly, we will remand the matter to the superior court with instructions to stay the sentence as to the theft count. Otherwise, we affirm.

## PROCEDURAL HISTORY

Appellant was charged by information with second degree commercial burglary (§ 459, subd. (a); count 1) and petty theft with three priors (§ 666, subd. (a); count 2). As to both counts, it was alleged that appellant had served a prior prison term pursuant to section 667.5.

A jury found appellant guilty on both counts. Subsequently, appellant admitted the prior conviction component of count two and the prior prison term allegation. The trial court sentenced appellant to three years in county jail for both counts, to be served concurrently, and an additional year on the section 667.5 enhancement. Appellant timely appealed.

## FACTUAL BACKGROUND

Around noon on December 2, 2012, Joseph Munoz was working as a loss prevention officer at a K-Mart store in Lancaster. As Munoz monitored the store floor, he saw appellant enter and walk straight toward the jewelry department. She

---

[1] All further statutory citations are to the Penal Code.

2

selected two jewelry boxes before heading to the cosmetics department. There, she selected three eye shadow containers. Appellant then returned to the front of the store and placed her purse and the five items in a shopping cart.

Munoz continued watching appellant as she headed toward an aisle containing seasonal items. He observed her remove jewelry from the two boxes and place the items in her pocket. Appellant then went to the electronics department, where she selected four video games. Appellant continued moving around the store, selecting various items. When she reached the women's clothing department, appellant pushed the cart between two clothing racks and placed the makeup items in her purse. Appellant then headed to the juniors' department, where she took her purse and the video games out of the shopping cart. After abandoning the cart, appellant walked toward the front of the store, past the cash registers. She then exited the store. The sensors on the exit doors were broken at the time.

Munoz approached appellant outside the store. Although Munoz identified himself as a loss prevention officer several times, appellant ignored him and hurried past him. As Munoz continued identifying himself, appellant turned around and threw the video games at him. Munoz asked appellant to come inside the store and told her that he knew she had additional merchandise. In response, appellant got into her car and locked her doors. Munoz then recorded her license plate and a description of the vehicle. After appellant drove away, Munoz contacted the Lancaster Sheriff's Department and reported the incident.

Sheriff Deputy Yeni Deciga responded to the call. After speaking with Munoz, Deputy Deciga put out a radio call for assistance in locating appellant's car. Fifteen minutes later, Deputy Deciga learned a deputy had detained a vehicle matching the description of appellant's car. Deputy Deciga asked Munoz to go to

the location to make an identification.  Munoz identified appellant and also identified some of the items recovered from appellant's purse as merchandise taken from the store.

A video showing appellant selecting the items and later exiting the store was played for the jury.  Appellant presented no defense case.

## DISCUSSION

Appellant contends her sentence on count 2 should be stayed under section 654, as the crimes charged in count 1 (burglary) and count 2 (petty theft) were part of an indivisible course of conduct with a single intent and objective.  The People agree.  After reviewing the record, we conclude that section 654 barred multiple punishments for the commercial burglary and petty theft occurring during the burglary.  (§ 654, subd. (a) ["An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision"]; *People v. Bernal* (1994) 22 Cal.App.4th 1455, 1458 [where defendant committed both burglary and petty theft during the burglary, trial court did not err in entering a judgment of conviction on both crimes and staying punishment for petty theft pursuant to section 654].)  Accordingly, we will affirm both convictions, but stay the punishment on count 2.  (*People v. Bernal*, *supra*, at p. 1458.)

## DISPOSITION

The matter is remanded to the superior court with instructions to stay the sentence imposed on count 2 (petty theft).  In all other respects, the judgment is affirmed.  The clerk of the superior court is directed to prepare an abstract of

4

judgment as set forth in this opinion and to forward it to the Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

EPSTEIN, P. J.

EDMON, J.*

_____
\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.